IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOHN PERSINGER

          Plaintiff**,**

v.

NATIONS RECOVERY CENTER, INC.,

          Defendant.

**Case No.:** 10-CV-2613 CM/KMH

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

### VENUE

3. Venue is proper in this District.

4. The acts and transactions alleged herein occurred in this Judicial District.

5. The Plaintiff resides within the Judicial District.

6. The Defendant transacts business within this Judicial District.

7. The Defendant regularly collects debts by telephone and the mails within this Judicial District.

## PARTIES

8. Plaintiff John Persinger is a natural person.

9. The Plaintiff resides in the City of Overland Park, County of Johnson, State of Kansas.

10. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

11. The Plaintiff is an "any person" as that term is used within 15 U.S.C. § 1692 et seq.

12. Defendant, Nations Recovery Center, Inc., is a Georgia corporation, with no listed Kansas resident agent. Defendant's Georgia resident agent is Mark Bataillion, 6491 Peachtree Ind. Blvd., Atlanta, Georgia 30360.

13. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14. The principal business of the Defendant is the collection of debts using the mails and telephone.

15. Defendant regularly attempts to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS AND CAUSES OF ACTION

16. Sometime prior to the filing of the instant action, the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes, namely Defendant's "in-house file number 8548387" (hereinafter the Account").

17. The Account is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

18. The Account went into default with the original creditor.

19. After the Account went into default, the Account was placed or otherwise transferred to the Defendant for collection.

20. The Plaintiff disputes the Account.

21. The Plaintiff requests that the Defendant cease all further communication on the Account.

22. The Plaintiff requests that the Defendant validate the debt pursuant to 15 U.S.C. § 1692g.

23. In the year prior to the filing of the instant action the Defendant and/or representatives, employees and/or agents of the Defendant made telephone calls to the Plaintiff and left voicemail messages for the Plaintiff.

24. The purpose of each of these telephone calls and voicemail messages was to attempt to collect the Account.

25. The telephone calls and voicemail messages conveyed information regarding the Account directly or indirectly to the Plaintiff.

26. The telephone calls and voicemail messages each individually constituted a "communication" as defined by FDCPA § 1692a(2).

27. The only reason that the Defendant and/or representatives, employees and/or agents of the Defendant made telephone calls to the Plaintiff was to attempt to collect the Account.

28. The only reason that the Defendant and/or representatives, employees and/or agents of the Defendant left voicemail messages for the Plaintiff was to attempt to collect the Account.

29. During the communications, Defendant's agent falsely stated that that Plaintiff's file was in Defendant's office "for immediate determination," falsely stated that "it is in your best interest to contact me as quickly as possible" and falsely stated "your input is required" in violation of 15 U.S.C. § 1692e.

30. During the communications, Defendant's agents repeatedly stated that Plaintiff must contact them "as quickly as possible" and "very quickly", creating a false sense of urgency in violation of 15 U.S.C. § 1692e and f.
31. As a consequence of the Defendant's collection activities and communications, the Plaintiff has suffered actual damages, including emotional distress.

## RESPONDEAT SUPERIOR

32. The representatives and/or collectors at the Defendant were employees of and agents for the Defendant, were acting within the course and scope of their employment at the time of the incidents complained of herein and were under the direct supervision and control of the Defendant at all times mentioned herein.
33. The actions of the representatives and/or collectors at the Defendant are imputed to their employer, the Defendant.
34. As a direct and proximate result of the aforesaid actions, the Plaintiff has suffered the aforementioned damages.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury.  US Const. amend. 7., Fed. R. Civ. Pro. 38.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff requests Kansas City, Kansas as the place of trial.

## PRAYER

**WHEREFORE**, the Plaintiff prays that the Court grants the following:

1. Actual damages under 15 U.S.C. § 1692k(a)(1).

2. Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

3. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

4. A finding that Defendant violated the FDCPA.

5. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ J. Mark Meinhardt
J. Mark Meinhardt #20245
4707 College Blvd., Suite 100
Leawood, KS  66211
913-451-9797
Fax 913-451-6163

ATTORNEY FOR PLAINTIFF